## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

**YONATHAN ENRIQUE CEDILLO DEL CID,**

        *Petitioner*,

    **v.**

**KRISTI NOEM,** *et al.*,

        *Respondents*.

Civil No.: **8:26-cv-00350-JRR**

## <u>ORDER</u>

Pending before the court is Yonathan Enrique Cedillo del Cid's Petition for Writ of Habeas Corpus (ECF No. 1; the "Petition"). The court has considered all papers, including the parties' Joint Notice at ECF No. 8. For the reasons set forth on the record in open court at the proceeding convened today, it is this 5th day of February 2026:

**ORDERED** that the Petition (ECF No. 1) shall be, and is hereby, **GRANTED in part and DENIED as moot in part** as follows: The Petition is **GRANTED** as to Count I regarding procedural due process; and otherwise **DENIED as moot**. Specifically, the court finds that Petitioner is subject to discretionary detention under 8 U.S.C. § 1226(a), not mandatory detention under 8 U.S.C. § 1225(b); and Petitioner is entitled to a bond hearing consistent with 8 C.F.R. §§ 236.1(d), 1003.19, and 1236.1(d). Therefore, Respondents shall be, and are hereby, **ENJOINED** from detaining Petitioner pursuant to 8 U.S.C. § 1225(b); and further it is

**ORDERED** that, within 14 days of entry of this order, the Government shall arrange for Petitioner to receive a bond hearing before an Immigration Judge with jurisdiction or control over Petitioner's detention to be conducted pursuant to 8 U.S.C. § 1226(a) and 8 C.F.R. §§ 236.1(d), 1003.19, and 1236.1(d); the bond hearing shall include a meaningful consideration of the

applicable, relevant factors; and further it is

**ORDERED** that the court shall **RETAIN** jurisdiction over this matter to enforce compliance with this order.

Madam Clerk is directed to **CLOSE THIS CASE**.

/S/

_____
Julie R. Rubin
United States District Judge